John A. **SHIRKEY**

v.

**EASTWIND COMMUNITY DEVELOP-MENT CORPORATION, et al.**

No. B–93–2791.

United States District Court,
D. Maryland.

Feb. 12, 1998.

Michael L. Foreman, of S. Lake, Texas, Maryann S. Cohea, Kaplan, Heyman, Green-

berg, Engelman & Belgrad, P.A., of Baltimore, MD, for Plaintiff.

Mark J. Swerdlin, Bruce S. Harrison, Shawe & Rosenthal of Baltimore, MD, for Defendants.

WALTER E. BLACK, Jr., Senior District Judge.

Presently pending before the Court is defendant's Motion for Reconsideration of the National Division of the General Board of Global Ministries of the United Methodist Church of the Court's Decision Granting Plaintiff's Motion for Summary Judgment. On September 24, 1993, Shirkey filed a complaint for relief against defendants National Division of the General Board of Global Ministries of the United Methodist Church ("National"), the Baltimore–Washington Conference of the United Methodist Church ("Conference"), and the Eastwind Community Development Corporation ("Eastwind"). On August 26, 1994, Shirkey filed a three-count amended complaint alleging: (1) racial discrimination under 42 U.S.C. § 1981 (" § 1981") against all defendants (Count I); (2) breach of contract against Eastwind (Count II); and (3) unpaid wages under the Maryland Wage and Hour Law against Eastwind (Count III). Plaintiff obtained an order of default against Eastwind on January 13, 1995, thereby eliminating counts II and III from the trial. On October 2, 1996, the Court granted summary judgment as to liability in favor of plaintiff against National, denied National's motion for summary judgment, and granted the Conference's motion for summary judgment. The case then proceeded to trial by a jury on the limited issue of damages. The Court entered judgment according to the jury's award in favor of Shirkey against defendant National for $60,000 for economic loss, $120,000 for compensatory damages, totaling $180,000. National subsequently moved for judgment, or in the alternative a new trial, or in the alternative remittitur. The Court granted National's motion for a new trial, denying National's motion for judgment or in the alternative remittitur.

The pending motion for reconsideration was filed on September 24, 1997, by National, moving for reconsideration of the Court's October 4, 1996 decision denying National's motion for summary judgment and granting plaintiff's cross motion for summary judgment.

The facts giving rise to the present § 1981 action are stated concisely and with clarity in the Court's October 4, 1996 Opinion, *Shirkey v. Eastwind Community Development Corp.*, 941 F.Supp. 567, 569–571 (D.Md.1996); therefore the Court will not restate them here.

National moves for reconsideration on the ground that, to the extent that National is not entitled to summary judgment, there are three disputed issues of material fact that are critical to the issue of liability.

First, National argues that the statements in National's documents relied on by plaintiff and by the Court in ruling on the summary judgment motions to show intentional discrimination do not necessarily lead to a conclusive inference of intentional discrimination. Rather, National proffers that there are nondiscriminatory interpretations of all of these statements. In particular, National refers to the testimony of Ruth Lawson, National's Executive Secretary, who stated that the Black Community Developers Program does not indicate the program hires based on race, but rather enables empowerment of certain classes of minorities. Furthermore, National submits that the word "black" in the name-Black Community Developers Program-does not necessarily modify the word "developer," but rather it modifies the "community." Finally, National emphasizes that the purpose behind the program being one of empowerment of the community, it is appropriate to hire from the indigenous population, but irrespective of the race of the applicant. In response, plaintiff argues that it is undisputed that National's documents contained the statements relied upon by the Court in its decision to grant plaintiff's cross motion for summary judgment and that these statements demonstrate intentional racial discrimination. Plaintiff submits that a reasonable jury could come to no other conclusion than a finding of such intentional race discrimination. Plaintiff also points to the undisputed fact that National

had in place another program called the "Indigenous Community Developers Program" which could encompass all races, but that National purposefully created a separate "Black Community Developers Program" limited to black developers, as evidence of racial discrimination.

Second, National contests the inference drawn by plaintiff and previously the Court from the fact that there have been no white Black Community Developers. National rejects this fact as clearly establishing intentional discrimination based on race, especially in light of the fact that plaintiff has presented no evidence that whites applied for the position and were not hired, urging the Court to submit this issue to a jury. Plaintiff responds arguing that a jury could only conclude that the undisputed evidence demonstrating no white Black Community Developers establishes intentional racial discrimination.

Third, National disputes reliance by plaintiff and previously the Court on representations by Reverend Carter, a Methodist minister with Eastern, to Shirkey regarding his view on National's hiring policies for the Black Community Developer position as evidence of National's discrimination. National argues that Carter was merely relating his own personal opinions of National's hiring policies which were based not on representations by National, but on Carter's own interpretations. In fact, National states that the exact content of Carter's representations to Shirkey are in dispute, since there are conflicts between the testimony of Shirkey and of Carter. National also reiterates its argument that Carter's assertions have no effect on National's liability because Carter is not an agent of National nor did he have the authority to speak on National's behalf. National asserts that Carter's role requires consideration by a jury especially in light of Carter's testimony that Shirkey supported him during a proceeding involving a charge of sexual immorality before a United Methodist Church tribunal which could be viewed as reflecting on Carter's credibility. In response, plaintiff states that the Court found that Shirkey was entitled to summary judg-

ment even absent consideration of Carter's testimony, thereby making National's argument for reconsideration based on disputed issues as to Carter's testimony meritless.

Evaluating the evidence in its totality, the Court concludes that there are clearly disputed issues of material fact. Even where mere inferences to be drawn from the facts are in dispute, proceeding to trial may be the soundest course of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir.1979) ("[E]ven though there may be no dispute about the basic facts, still summary judgment will be inappropriate if the parties disagree on the inferences which may reasonably be drawn from those undisputed facts.") *Pulliam Inv. Co., Inc. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

Plaintiff's arguments are based on identifying selectively isolated statements from National's Black Community Developer literature and his own inferences drawn from the name of the program and the fact that no white has held the Black Community Developer position. However, when examined as a whole, the evidence before the Court is not conclusive. The Court finds that the facts relating to the meaning of the name of the program and the lack of white Black Community Developers are genuinely in dispute. Regardless of the relative importance of Carter's testimony to the positions of the parties, Carter's involvement and the inferences to be drawn therefrom are unclear to the Court at this time.

The Court finds it prudent to proceed to trial, and accordingly, after giving careful consideration and deference to the prior ruling of the Court, defendant's motion for reconsideration of the Court's October 4, 1996 decision and order thereon is granted, and plaintiff's cross motion for summary judgment as to liability in favor of plaintiff against National is denied. In all other respects, the Court's Order filed on October 2, 1996, remains in full force and effect.[1]

---

1. The Court finds no basis for changing its prior

rulings in denying National's motion for sum-

A formal order will be entered in conformity with this Opinion.

### ORDER

In accordance with the Opinion filed today in the above-captioned case, IT IS, this 12th day of February, 1998, by the United States District Court for the District of Maryland, ORDERED:

(1) That the Motion for Reconsideration of the National Division of the General Board of Global Ministries of the United Methodist Church of the Court's Decision Granting Plaintiff's Motion for Summary Judgment (Paper 82), BE, and the same hereby IS, GRANTED;

(2) That the Court's Order entered October 2, 1996, BE, and the same hereby IS, modified as follows:

(a) Plaintiff John Shirkey's Cross Motion for Summary Judgment (Paper 36) as to liability in favor of plaintiff against Defendant National Division of the General Board of Global Ministries of the United Methodist Church BE, and the same hereby IS, DENIED;

(b) That in all other respects the Court's Order remains in full force and effect; and

(3) That the Clerk shall mail a copy of this Order forthwith to counsel of record.

### ORDER

Pending before the Court is Plaintiff's Motion to Reconsider (Paper 81). In light of the Court's ruling today on the Motion for Reconsideration of the National Division of the General Board of Global Ministries of the United Methodist Church of the Court's Decision Granting Plaintiff's Motion for Summary Judgment (Paper 82), IT IS, this 12th day of February, 1998, by the United States District Court for the District of Maryland, ORDERED:

(1) That the Motion to Reconsider (Paper 81) filed herein on behalf of Plaintiff John A. Shirkey, BE, and the same hereby IS, DENIED as MOOT; and

mary judgment and granting the Conference's motion for summary judgment. Further, the Court also finds no basis for changing its prior

(3) That the Clerk shall mail a copy of this Order forthwith to counsel of record.

rulings in regard to the "futile gesture" doctrine issue and the First Amendment issue.